[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on June 13, 1992 at Seymour, Connecticut. They have resided continuously in this State since that time. There are no minor children issue of the marriage.
The evidence presented at trial has clearly established the allegation that the marriage has broken down irretrievably. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-81, 46b-82, and 46b-62 of the Conn. General Statutes in reaching the decisions reflected in the orders that follow.
The plaintiff, who is 43 years old, was a widow with three minor children at the time of the marriage to the defendant. She was receiving Social Security benefits of $750 per month for herself, which benefits was terminated on her marriage to the defendant.
Prior to this marriage, the plaintiff was gainfully employed earning approximately $10 per hour, plus benefits. At the request of her husband, she terminated her employment a few months after her marriage. The plaintiff had substantial assets coming into this marriage, including a home which was mortgage-free and a lump sum Workmens' Compensation settlement of $100,000. The plaintiff is in good health. She has returned to work but is only able to obtain employment at $6 per hour after a lengthy search. CT Page 7959
The defendant is 41 years of age and in good health. He is a police officer in the Town of Seymour. The defendant earns approximately $45,930 per year.
The parties were at odds over the question of periodic alimony and reimbursement to the plaintiff for funds she advanced for the purchase of the 1992 Ford Explorer presently in the name of the defendant.
The court finds that the plaintiff contributed $10,000 from her personal account funds toward the motor vehicle. The defendant traded in his car and received a net equity of approximately $2754. The plaintiff used the interest generated from her large savings account to pay down, on this car loan.
While the parties lived together, the defendant gave the plaintiff his paycheck three weeks out of every four on a regular basis. The plaintiff used these funds to pay household bills and living expenses.
The parties had a comfortable lifestyle during this short marriage.
Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of the marital relationship.
The following orders shall issue:
Personal Property
1. The defendant is awarded the 1992 Ford Explorer. He shall be solely responsible for the balance due on said motor vehicle and shall hold the plaintiff harmless. The plaintiff is entitled to her passbook and passbook account in the amount of $4530.
2. The plaintiff is awarded a lump sum of $10,000 to be paid to the plaintiff by the defendant as follows:
$100 per week for 52 weeks; and : $5200
$150 per week for the next 32 weeks: $4800
CT Page 7960
Total: $10,000
Other Property
1. The parties shall equally divide the joint account in the amount of $1123 forthwith.
2. The parties shall equally divide the Shelton Savings account of $4530 forthwith.
3. The defendant shall be entitled to the three fire engines he presently has in his possession and the plaintiff shall have no claim thereto.
4. Each party shall be entitled to their respective pension plans and retirement funds.
5. Each party shall retain the remaining items of personal property presently in their possession.
Alimony
The defendant shall pay to the plaintiff as periodic alimony the sum of $125 per week for a period of one year.
The court finds this was a two year marriage with no children. The plaintiff gave up a Social Security benefit of $750 per month. She also gave up employment in which she was earning $10 per hour. A term of one year will give the plaintiff sufficient time for retraining and/or to obtain employment at a higher paying rate.
COBRA Benefits
The plaintiff shall be entitled to medical benefits, under COBRA, as are available through the defendant's employment at her expense for a period of three years.
Debts
1. The defendant shall pay the Sears bill in the amount of $211.87 and shall hold the plaintiff harmless from any liability therefrom.
2. Each party shall be responsible for the debts as listed on their respective financial affidavits and shall hold the other CT Page 7961 harmless.
Change of Name
The plaintiff is granted a change of name to Paula Hummel.
Counsel Fees
Each party shall be responsible for their respective attorney's fees.
Coppeto, J.